UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ST. VINCENT DE PAUL PLACE, NORWICH, INC. and ST. JOSEPH'S POLISH ROMAN CATHOLIC CONGREGATION, Plaintiffs, | : | |
| v. | : | 3:13-cv-00017-WWE |
| CITY OF NORWICH; CITY OF NORWICH COMMISSION ON THE CITY PLAN; JAMES TROEGER, in his official capacity as Building-Housing Code Enforcement Official; and JAMES ROBERTS, in his official capacity as Captain of the Fire Marshal's Office, Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiffs St. Vincent De Paul Place, Norwich, Inc. and St. Joseph's Polish Roman Catholic Congregation filed this action against defendants City of Norwich, City of Norwich Commission on the City Plan, James Troeger, and James Roberts alleging violation of their civil rights pursuant to the United States Constitution and 42 U.S.C. §1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Connecticut Constitution, and Connecticut's Religious Freedom Act. Specifically, plaintiffs allege that defendants' substantially burdensome, discriminatory and unreasonable land use regulations have prohibited and continue to prohibit plaintiffs from the free exercise of their religion.

Defendants have moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction because plaintiffs' claims are not ripe for adjudication. For the following reasons, defendants' motion to dismiss will be granted.

**BACKGROUND**

The Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of plaintiffs.

St. Vincent is a ministry of the Roman Catholic Diocese of Norwich that provides free food, shelter, and other services to the homeless and impoverished in Norwich, Connecticut. St. Vincent has operated for more than thirty years and seeks to continue its services.

From 2000 to July 2012, St. Vincent operated from space it leased at 10 Railroad Place in downtown Norwich. In 2009, St. Vincent began searching for other space it could purchase or lease to relocate its services but has been unable to find a ready, feasible alternative. In July 2012, St. Vincent was constructively evicted from 10 Railroad Place when its landlord informed it that the building there had been structurally compromised.

On July 13, 2012, St. Vincent obtained a temporary six month certificate of occupancy to occupy the former religious school building that had been used by the Diocese as a school from 1925 until 2010, located on property owned by the Church and adjacent to the church building at 120 Cliff Street a/k/a 1 Clairmont Avenue, Norwich, Connecticut.

On July 9, 2012, St. Vincent also obtained a temporary six month zoning permit to use the Cliff Street property. The temporary zoning permit stated that once it expired, St. Vincent would have to obtain a special permit to remain at the property.

St. Vincent continued to search for other property to buy or rent but found no feasible option. Therefore, on September 14, 2012 at the direction of the City of Norwich Planning Department, St. Vincent submitted to City of Norwich Commission on the City Plan an application for a special permit to operate permanently at the Cliff Street property.

On December 18, 2012, despite extensive evidence during multiple sessions of the public hearing that denial of St. Vincent's application would leave St. Vincent with no alternative location to operate, the Commission denied the application.

With St. Vincent's temporary certificate of occupancy set to expire on January 12, 2013, James Troeger, City of Norwich Building-House Code Enforcement Official, stated publicly on January 7, 2013, that he would issue a notice of violation to St. Vincent and condemn the facility as an illegal use, forcing the soup kitchen to vacate the premises.

On January 4, 2013, St. Vincent and the Church commenced this action alleging that defendants' actions were in violation of their rights under 42 U.S.C. Section 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the federal and sate constitutions, and other state law. On January 14, 2013, Troeger issued St. Vincent a notice of violation, concluding that St. Vincent's occupancy of the Cliff Street property was illegal and in violation of the Building Code. That same day, City of Norwich Zoning Enforcement Officer Tianne Curtis issued St. Vincent a notice of violation to the Church. As a result of the notices of violation, St. Vincent and the Church are liable for civil penalties from the date of the issuance of those notices. St. Vincent and the Church appealed the notices of violation to the City of Norwich Zoning Board of Appeals.

On February 1, 2013, St. Vincent filed an application for a variance to operate at the Cliff Street property. On February 6, 2013, Officer Tianne Curtis issued St. Vincent a "supplemental" notice of violation to clarify any ambiguities in the January 14 notice of violation.

The Commission's denial of the property as illegal and the threat of supplemental removal have adversely affected St. Vincent's ability to apply for and obtain grant money, on which it relies to operate.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Ripeness**

Ripeness is a jurisdictional inquiry. Murphy v. New Milford Zoning Com'n, 402, F.3d 342, 347 (2d Cir. 2005). A court should consider a 12(b)(1) ripeness challenge first "since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Ala. Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). Plaintiffs bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Makaraova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To determine subject matter jurisdiction, a district court may refer to evidence outside the pleadings. Id.

"The purpose of the ripeness requirement is to ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution. The ripeness requirement prevents a federal court from entangling itself in abstract

disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002). To establish jurisdiction, plaintiffs have the burden of proving that the Court can look to a final, definitive position from a local authority to assess precisely how plaintiffs may use their property. Murphy, 402 F.3d at 347. Cases may later become ripe for adjudication if initially deemed premature. Id.

Ripeness inquiry requires the Court to evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding consideration. Murphy, 402 F.3d at 347. The fitness prong looks to whether further factual development is necessary while the hardship prong requires the Court to weigh the risk and severity of injury to the parties if jurisdiction is declined. Id.

The Supreme Court has developed specific ripeness requirements applicable to land use disputes. See Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985). The *Williamson County* ripeness test consists of two prongs, but only the first prong is applicable here as this case does not involve a takings challenge.

In the context of regulatory takings claims, courts are concerned with whether regulation denies all economically beneficial use of the land. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015 (1992). Accordingly, multiple plans for development may be critical to determining whether all economically beneficial use has been denied. While recognizing that the Supreme Court developed the *Williamson County* ripeness test in the context of a regulatory takings challenge, the Second Circuit has applied prong-one of the ripeness test to other land use disputes. See Southview Associates, Ltd. v. Bongartz, 980 F.2d 84, 97 (2d Cir. 1992) (substantive due process claims); Dougherty, 282 F.3d at 83 (First Amendment claim); Murphy,

402 F.3d at 352 (First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Connecticut Act Concerning Religious Freedom ("CACRF") claims). Prong-two of the ripeness test requires a property owner to seek compensation for an alleged taking. Williamson, 473 U.S. at 194. As this case does not involve a takings challenge, prong-two is not implicated here. See Murphy, 402 F.3d at 349.

Prong-one ripeness is a jurisdictional prerequisite that "conditions federal review on a property owner submitting at least one meaningful application for a variance." Murphy, 402 F.3d at 348. While multiple permit applications are not as critical when "denial of all beneficial use" is not at issue, a variance application is necessary to determine whether a plaintiff will be granted an administrative exception to the normal land use requirements. Absent such determination, plaintiffs' injury is merely speculative and may never occur. Here, plaintiffs concede that they had not applied for a variance prior to bringing this action.

Plaintiffs contend that Williamson County established a relaxed ripeness inquiry for First Amendment and RLUIPA claims, which frees them from the obligation of applying for a variance. See Williamson County, 282 F.3d at 90. There, the Second Circuit held that a First Amendment claim of retaliation is significantly different from other land use claims. Id. Indeed, First Amendment retaliation claims are based upon an immediate injury, so "pursuit of a further administrative decision would do nothing to further define [plaintiff's] injury." Id. In other words, illegal retaliation is not speculative; either it occurred or it did not, so it cannot be ripened by further administrative process. Nevertheless, a relaxed ripeness inquiry is not applicable here because plaintiffs did not bring a First Amendment retaliation claim.

Despite strong policy considerations supporting the prong-one ripeness requirement, a property owner may be excused from obtaining a final decision if pursuing an appeal to a zoning

board of appeals or seeking a variance would be futile because the zoning agency lacks discretion to grant variances or has "dug in its heels," demonstrating that all applications will be denied. Murphy, 402 F.3d at 349. In addition, a property owner will not be required to litigate a dispute before a zoning board of appeals if that board sits purely as a remedial body and does not participate in decision-making. Id. "In sum, absent a futility or remedial finding, prong-one ripeness reflects the judicial insistence that a federal court know precisely how a property owner may use his land before attempts are made to adjudicate the constitutionality of regulations purporting to limit such use." Id.

Here, plaintiffs have not demonstrated that application for a variance would be futile or merely remedial. Indeed, since filing this action, plaintiffs have applied for a variance. Accordingly, plaintiffs' injury is merely speculative and may never occur, depending on the final administrative resolution of plaintiffs' variance application. See id at 351. As this case is not ripe for review, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

Dated this 13th day of March, 2013, at Bridgeport, Connecticut.

/s/

WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE